UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. TONKOVICH, et al.,

    Plaintiffs,

                              Case No. 2:12-cv-38
   v.                           JUDGE GREGORY L. FROST
                              Magistrate Judge Elizabeth P. Deavers

GULFPORT ENERGY CORPORATION,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the following sets of filings:

(1) Plaintiffs' motion for summary judgment (ECF No. 25), Defendant's memorandum in opposition (ECF No. 31), and Plaintiffs' reply memorandum (ECF No. 33); and

(2) Defendant's motion for summary judgment (ECF No. 26), Plaintiffs' memorandum in opposition (ECF No. 32), and Defendant's reply memorandum (ECF No. 34).

For the reasons that follow, the Court finds only Defendant's motion well taken.

## I. Background

Plaintiffs James and Betty Tonkovich, together with Plaintiff Arlin Corporation (solely owned by James), own approximately 850 acres of in Belmont County, Ohio. Plaintiffs belong to a group of landowners known as Belmont Leasing Group, which leases land for oil and gas exploration. In July 2011, Plaintiffs executed three oil and gas leases with Defendant, Gulfport Energy Corporation. Defendant subsequently recorded the three leases in the Belmont County Recorder's Office on July 27, 2011.

1

On December 14, 2011, Plaintiffs filed a five-count complaint in the Belmont County Court of Common Pleas. (ECF No. 2.) The complaint asserts claims for fraudulent inducement, failure to pay consideration, failure to pay signing bonuses within specified calendar days, failure to pay signing bonuses within specified business days, and failure to consider a right of first refusal provision in the leases. Plaintiffs seek declaratory judgment that the leases are void and therefore unenforceable. Defendant removed the action to this Court on January 13, 2012. (ECF No. 1.) Both sides filed motions for summary judgment, which are ripe for disposition. (ECF Nos. 25, 26.)

## II. Discussion

### A. Standard involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A

2

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

#### 1. *Counts One & Five*

Plaintiffs do not pursue summary judgment on Counts One and Five in their motion for summary judgment.  In contrast, Defendant does ask for summary judgment on these counts in its motion.  Plaintiffs fail to offer a substantive defense of these claims in their memorandum in opposition and instead state:

> The defendant listed all five counts of plaintiffs [*sic*] complaint in their [*sic*] motion for summary judgment.  There has not been adequate discovery to determine whether Count 1, which dealt with non-disclosure of the value of the leases, and Count 5, which dealt with the refusal of [Defendant] to consider a provision in the lease entitled "right of first refusal."  Both of those counts deal with issues which have not been fully developed at this time, thus, summary judgment is not proper at this time.  Therefore, this response will concentrate on those sections of defendants [*sic*] motion dealing with non[-]payment of the leases.  The determination of the payment or non[-]payment of consideration for the leases is the defining issue before the court.  Should the court find summary judgment on that issue in favor of the plaintiff[s], the other issues in the complaint are moot.

(ECF No. 32, at 3.)  This attempt at evading summary judgment necessarily fails.

Discovery in this case closed on July 31, 2012.  *See* ECF No. 9, at 3.  Plaintiffs never sought an extension of time for additional discovery from this Court.  Nor have Plaintiffs

actually invoked Federal Rule of Civil Procedure 56(d) or even hinted at circumstances that would prove sufficient under that rule. Rather, Plaintiffs have elected to simply present a conclusory statement that summary judgment is not warranted on two counts based on undisclosed and apparently unknown facts. This cannot provide Plaintiffs the refuge they seek.

Plaintiffs' refusal to address the substance of Counts One and Five and Defendant's motion amounts to abandonment of the claims. *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.,* 65 F. App'x 19, 24–25 (6th Cir. 2003) (stating that a plaintiff's failure to brief a claim in the district court is an abandonment of the claim); *Campbell v. Nally*, No. 2:10-cv-1129, 2012 WL 4513722, at *12 (S.D. Ohio Oct. 1, 2012) (holding that a perfunctory statement in a summary judgment memorandum in opposition that "material facts remain in dispute" in regard to claims amounts to abandonment of those claims); *Murphy v. Ohio State Univ.*, No. 2:11-cv-238, 2012 WL 4499027, at *4 (S.D. Ohio Sept. 28, 2012) (explaining that a plaintiff's failure to present actual argument on a claim in a memorandum in opposition constitutes abandonment of that claim); *Colston v. Cleveland Pub. Library*, No. 1:12–CV–204, 2012 WL 3309663, at *2 n.2 (N.D. Ohio Aug. 13, 2012) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her oppositions to Defendants' motions for summary judgment"); *Thomas*

4

*v. Starbucks Corp.*, No. 3:10–1158, 2012 WL 1900919, at *4 (M.D. Tenn. May 24, 2012) (holding that a district court can decline to consider a claim's merits when a plaintiff fails to address the claim in a summary judgment response); *EEOC v. Home Depot USA*, No. 4:07-cv-143, 2009 WL 395835, at *17 (N.D. Ohio Feb. 17, 2009) ("When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in her brief in opposition to summary judgment, that claim is deemed abandoned."); *Anglers of the Au Sable v. United States Forest Serv.*, 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008) ("It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment."). Summary judgment for Defendant on Counts One and Five is therefore appropriate.

### 2. Count Two

Plaintiffs argue that they are entitled to summary judgment because the leases were never finalized. They offer several reasons in support of this argument, beginning with the contention that Defendant failed to pay consideration due under the leases. Each order of payment involved provides that Defendant "shall pay an initial non-refundable consideration in the amount of $1.00 per parcel of property listed on the Lease." (ECF No. 1-2, at 13.) The lease language tracks the payment of this consideration. *See, e.g.*, ECF No. 1-2, at 3 ("WITNESSETH, that for and in consideration of One Dollar ($1.00) and other good and valuable consideration . . . .").

The parties agree that Defendant never paid Plaintiffs $1.00 per acre. Plaintiffs argue that the leases Plaintiffs signed were nothing more than offers by Plaintiffs that Defendant could reject for any reason and that because consideration is essential to the formation of a contract, the

5

non-payment of consideration means that there was no lease.

Defendant counters that although Ohio recognizes that a lease is a contract subject to traditional contract law, the state law also provides that nonpayment of nominal consideration does not void a lease. There is a surprising relative dearth of Ohio case law on this point, but Defendant has correctly identified one court of appeals case that holds that

> nonpayment of nominal consideration, in the form or a single dollar, where the contract recites such in addition to "other good and valuable consideration," . . . will not constitute breach, at least in instances where the actual value of the subject of the contract does not, in fact, correspond to the nominal consideration.

*Bennett v. American Elec. Power Service Corp.,* No. 01AP-39, 2001 WL 1136150, at *5 (Ohio Ct. App. 10th Dist. Sept. 27, 2001). This holding informs today's decision. Defendant's failure to pay the nominal amount of $1.00 per acre therefore does not void the leases at issue. Defendant is entitled to summary judgment on Count Two.

### 3. *Counts Three & Four*

In Count Three, Plaintiffs assert that Defendant violated the term that Defendant would pay a specified sum to Plaintiffs on the two individual leases within 90 days of the signing of the leases. Plaintiffs then similarly assert in Count Four that Defendant failed to meet the requirement that it pay Arlin Corporation a specified sum within 90 business days. Plaintiffs argue that summary judgment in their favor is appropriate because Defendant failed to pay this "other good and valuable consideration" as contemplated in the agreements.

Defendant in turn argues that it complied with the relevant provisions, incorporated into the lease by reference, that state that Defendant "shall then have ninety (90) business days from the effective date of Lease . . . to tender payment of signing bonus as stated below." (ECF No. 1-

2, at 13.) A subsequent provision—the "below"—then provides that Defendant would pay a specified sum "WITHIN 90 BUSINESS DAYS FROM THE EFFECTIVE DATE OF THIS LEASE." (*Id.*)

The effective date of the leases was July 1, 2001. Ninety business days from that date was November 7, 2011. In October 2011, Defendant sent two Federal express envelopes to the Tonkoviches jointly and to James Tonkovich individually. Plaintiffs refused acceptance of these envelopes. The undisputed evidence is that these envelopes contained payments for the sums due on the individual leases. Plaintiffs' argument that they thought they would be paid within 90 calendar days contravenes the express terms of the lease and a communication by their own counsel as to when they would be paid. Plaintiffs thus simply avoided payment and now dubiously seek to invoke non-payment to avoid the individual leases.

Similar maneuvering surrounds the payment due in relation to the Arlin Corporation lease. As part of the lease agreement, Plaintiffs agreed to execute any paperwork or forms necessary to complete the transaction. Plaintiffs failed, however, to complete that portion of a W-9 supplied in regard to the Arlin Corporation lease that would have communicated to Defendant the Employer Identification Number of the corporation. Defendant called the corporation twice before the expiration of the 90-day payment period to obtain a completed form that included the number. Although Plaintiffs point out that "[t]here is no language in the lease or the Order of Payment that gives [Defendant] the option of not paying the bonus payment to Arlin Corporation because it did not have the Taxpayer ID number" (ECF No. 33, at 5-6), this argument conveniently ignores both the necessity for this number for "final approval by

7

[Defendant's] management to tender payment" (ECF No. 1-2, at 39) and the duty on Plaintiffs to provide necessary paperwork to carry out the purpose of the lease (*Id.* at 30).  Thus, although Plaintiffs are correct that there is no language in the lease or the incorporated order of payment terms expressly calling for the provision of the taxpayer number as precedent to payment, Plaintiffs are incorrect that the lease language did not permit Defendant to require sufficient paperwork in order to approve tendering any such payment.

Disregarding the attempted payment on the individual leases and the pursuit of payment on the corporation lease, Plaintiffs argue that the leases were never "finalized."  They assert that they never interfered with attempted payment, stating that their "refusal of certified mail, when they believed the leases were no longer valid does not constitute interference." (ECF No. 33, at 3-4.)  This is of course incorrect.  Whatever Plaintiffs may or may not have actually believed, their refusal to accept payment (regardless of whether they knew what was in the envelopes) and obstructive refusal to provide information necessary to effectuate proper payment do not present conduct by Defendant that violates the leases.  Instead, these facts present conduct by Plaintiffs that prevented culmination of payment.  Plaintiffs' repeated references in the briefing to Defendant making "only" one attempt to make payment illogically ignores the legal consequence of the fact that *Defendant attempted to make payment*.  Plaintiffs attempt to argue that Defendant failed to make payment when Plaintiffs' own actions prevented successful payments.

Plaintiffs also point out that there is no *written* evidence that Defendant attempted to contact the Tonkoviches or Arlin Corporation to effectuate payment following the declined mail and the discovery of the incomplete W-9 form.  This best evidence or best practices argument

8

fails to entitle Plaintiffs to summary judgment, to present an issue of material fact, or to preclude summary judgment for Defendant.  The deposition testimony referenced in the briefing and filed with this Court constitutes uncontroverted evidence of the conduct of the parties surrounding payment.  A better paper trail by Defendant would have been cleaner; the absence of such a paper trail does not provide Plaintiffs the cover they contend.

Because Defendant attempted to comply with the lease payment provisions requiring tender and actual payment was only defeated by Plaintiffs' own conduct, summary judgment is warranted for Defendant on Counts Three and Four.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for summary judgment (ECF No. 25) and **GRANTS** Defendant's motion for summary judgment (ECF No. 26).  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE